FILED
CLERK, U.S. DISTRICT COURT
FILED
NOV 2 6 2002
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

___ Priority
✓ Send
___ Clsd
___ Enter
✓ JS-5/JS-6
NO ___ JS-2/JS-3
___ Scan Only

ENTERED
CLERK, U.S. DISTRICT COURT
NOV 26 2002
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, a Kansas corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>CARSDIRECT.COM, a Delaware corporation,<br><br>  Defendants. | Case No. CV 02-07183 DDP (RNBx)<br><br>**ORDER DENYING THE DEFENDANT'S MOTION TO DISMISS, MOTION FOR REMAND, AND REQUEST FOR SANCTIONS**<br><br>[Motion filed on 10/10/02] |

This matter comes before the Court on the defendant's motion to dismiss, motion to demand or alternatively, motion to stay the proceedings. After considering the materials submitted by the parties and the issues raised therein, the Court adopt's the following order.

## I. Background

Universal Underwriters Insurance Company ("Universal") requests declaratory relief determining that it is under no duty to defend and indemnify CarsDirect.com ("CarsDirect") in two separate liability actions pending in the Superior Court for the State of

California, County of Los Angeles: (1) <u>Weller, et al. v. CarsDirect.com</u>, Case No. BC 256282; and (2) <u>Chiappetta, et al. v. CarsDirect.com</u>, Case No. BC 2562883 (the "underlying actions"). The underlying actions allege, among other things, that CarsDirect invaded the plaintiffs' privacy by eavesdropping, wiretapping, and recording telephone calls.

In December 2001, Universal filed an action against CarsDirect in state court seeking the same relief it seeks here. CarsDirect filed both a demurrer and a motion to stay the state court proceedings. On March 11, 2002, the Superior Court overruled the demurrer and granted a stay pending the resolution of the underlying actions. On September 13, 2002, Universal dismissed the state court action without prejudice, and brought a diversity action in this Court.

In this action, Universal asks for declaratory relief and restitution of defense fees advanced to CarsDirect in each of the underlying actions. The complaint asserts that based on exclusions in its policies, Universal has no obligation to defend or indemnify CarsDirect. CarsDirect then filed the instant motion requesting this Court to decline to exercise jurisdiction and dismiss this action. Alternatively, CarsDirect is seeking a remand of the action to state court, or a stay of the proceedings pending the resolution of the underlying actions. CarsDirect also requests sanctions against Universal.

## II. **Judicial Notice**

CarsDirect and Universal request the Court to take judicial notice of various documents. Federal Rule of Evidence 201 provides

that the Court may take judicial notice of facts not subject to reasonable dispute.

Pursuant to Rule 201, the Court takes judicial notice of the following: (1) complaint for declaratory relief entitled <u>Universal Underwriters Insurance Company v. CarsDirect.com, Inc., et al.</u>, in the Superior Court of the State of California, County of Los Angeles, Case No. BC 264543; (2) the Superior Court's ruling entered and filed March 11, 2002, denying CarsDirect's demurrer and granting its motion to stay; (3) Universal's request for dismissal of the state court action filed on September 13, 2002; (4) a November 7, 2002, printout of the on-line Los Angeles County Superior Court Case Summary docket sheet of Universal's state court action; (5) a copy of a non-reported case of <u>Morrell v. Cowin</u>, 1997 WL 797893 (N.D.Cal. 1997).

While the authenticity of the remaining documents that the parties request judicial notice of is not in dispute, the documents are unnecessary for the Court's decision of this matter.

## III. **Motion to Decline Jurisdiction and Dismiss**

CarsDirect maintains that the Court's jurisdiction is discretionary, and that, given the circumstances, the Court should decline to exercise jurisdiction.[1]  Universal responds that the

---

[1] CarsDirect expresses concern that many of the issues in this matter involve the same issues of fact as in the underlying litigation, that adjudicating the declaratory claim will result in entanglement between the federal and state court systems, and that Universal sought a declaratory action in order to obtain a "res judicata" advantage against CarsDirect in the underlying actions. The Court finds these concerns better addressed and resolved through a motion to stay. Indeed "a stay is usually the 'preferable course' because it assures that a federal action can
(continued...)

3

Court is obligated to retain jurisdiction over Universal's claim for restitution, and therefore, it is proper for the Court to retain jurisdiction over the entire action. (Mot. at 5.)

Universal's claim for declaratory relief arises under the Declaratory Judgment Act. The Declaratory Judgment Act, 28 U.S.C. § 2201(a), grants discretion to a district court to grant declaratory judgment in appropriate cases and to refuse to entertain inappropriate actions requesting declaratory judgment, "even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton, 515 U.S. at 282. Yet the district court's discretion is not unfettered. Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998).

Where non-discretionary claims are joined in the action, it is improper for the Court to refuse to entertain a claim for declaratory relief. District courts generally have a "virtually unflagging obligation" to exercise the jurisdiction given them, Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976), and therefore "[W]hen other claims are joined with an action for declaratory relief . . ., the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." Dizol, 133 F.3d at 1225. To determine whether a claim joined to a declaratory relief request is non-discretionary or is simply derivative, the appropriate inquiry is whether the claims "would continue to exist if the request for a

---

[1] (...continued) proceed later, without risk of a time bar, if for any reason the state court proceedings fail to resolve the matter." William Schwarzer, et al., Federal Civil Procedure Before Trial, § 10:51, at 10-19 (1999) (citing Wilton v. Steven Falls Co., 515 U.S. 277, 288 (1995)).

4

declaration simply dropped from the case." Snodgrass v. Provident Life & Accident Ins. Co., 147 F.3d 1163 1167-68 (9th Cir. 1998).

In United National Insurance Co. v. R & D Latex Corp., 242 F.3d 1102, 1111 (9th Cir. 2001), the Ninth Circuit articulated the standard to determine whether claims for restitution are independent of claims for declaratory relief. United involved a claim for declaratory relief removed from the state court, and a counter-claim by the insurance company for reimbursement of defense costs. Id. at 1108-9. The district court held that the two claims were not independent of one another as one could not be resolved without disposing of the legal issues raised in the other. Id. at 1112. The Ninth Circuit rejected this standard and held:

> The proper analysis, then, must be whether the claim for monetary relief is independent in the sense that it could be litigated in federal court even if no declaratory claim had been filed. In other words, the district court should consider whether it has subject matter jurisdiction over the monetary claim alone, and if so, whether that claim must be joined with one for declaratory relief.

Id. at 1113.

Accordingly, the Ninth Circuit determined that under California state law a claim for reimbursement is independent of a claim for declaratory relief:

> Reimbursement claims are therefore based on the equitable doctrine of restitution. . . . Satisfaction of equitable rights for monetary relief has not historically been predicated on favorable disposition of a claim for declaratory judgment. Accordingly, it appears that under California law, [the insurer's] request for reimbursement is independent of the request for declaratory relief.

Id. at 1113-14 (citations omitted).

Universal's request for restitution of fees and costs spent defending CarsDirect in the underlying actions is a non-discretionary claim over which the Court must exercise

jurisdiction. The Court therefore retains jurisdiction over the claims for declaratory relief.[2]

For the foregoing reasons the Court denies CarsDirect's motion to dismiss.

## IV. **Motion to Remand**

Carsdirect moves in the alternative to remand the action to state court. Only an action that has previously been removed can be remanded. 28 U.S.C. § 1447(c). Universal voluntarily dismissed

---

[2] The Court notes that this finding is also supported by an analysis of the factors generally used to decide whether to exercise jurisdiction over declaratory claims where no mandatory claim is joined. The following factors were set forth in Brillhart v. Excess Insurance Company of America, 316 U.S. 491 (1942): (1) the district court should avoid needless determination of state law issues; (2) it should discourage litigants from filing declaratory actions as a means of forum shopping; and (3) it should avoid duplicative litigation. Dizol, 133 F.3d at 1225. Additional factors are (4) whether the declaratory action will settle all aspects of the controversy; (5) whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; (6) whether the declaratory action is being sought merely for the purpose of procedural fencing or to obtain a "res judicata" advantage; and (7) whether the use of a declaratory action will result in entanglement between the federal and state court systems. American States Ins. Co. v. Kearns, 15 F.3d 142, 145 (9th Cir. 1994) (J. Garth, concurring). Universal's declaratory suit is fundamentally distinct from the matters before the state court. In the underlying actions, the plaintiffs are seeking to establish CarsDirect's liability for the acts alleged in the Weller and Chiapotta complaints, including eavesdropping, wiretapping and recording plaintiffs' private telephone conversations. In the federal forum, by contrast, Universal seeks to resolve its obligations to defend and indemnify CarsDirect under the insurance policies. This issue is not before the state court, and will likely require adjudication at some point.

Furthermore, a judgment in Universal's claim for declaratory relief will clarify the parties' rights and legal relations under the insurance policy and will resolve Universal's duty to defend and potential duty to indemnify CarsDirect in the underlying actions, which will terminate the dispute between Universal and CarsDrect.

its state court action before initiating this action; as it was not removed it cannot be remanded.[3]

CarsDirect attempts to analogize the facts here to those of a removal. CarsDirect maintains that because Universal's voluntary dismissal and refiling of the action was improper, the Court should treat the action as if it has been removed, and remand it to the state court. CarsDirect presents no authority, and the Court has found none, that supports this contention.

## V.  **Motion to Stay**

CarsDirect moves in the alternative to stay these proceedings pending resolution of the underlying actions. A decision from this Court on Universal's declaratory relief action, it maintains, will unfairly prejudice CarsDirect in the underlying actions as it will require the resolution of some of the same factual issues. Universal maintains that the declaratory relief claim can be resolved on purely legal grounds without making any prejudicial factual findings.

When a related state action is pending, concerns about comity, the efficient allocation of judicial resources, and fairness to the parties come into play. <u>Chamberlain v. Allstate Ins. Co.</u>, 931 F.2d 1361, 1367 (9th Cir. 1991). State proceedings may be deemed "related" (or "parallel") even if one of the parties to the federal suit is not a party to the state proceedings. It is enough that

---

[3] CarsDirect maintains that the state action had not been properly dismissed, and that a motion to vacate the dismissal is pending in state court. Parallel proceedings become more relevant should this Court decline to issue a stay. The parties shall keep the Court informed of the status of the state action.

1 such party can be joined as a necessary party to the state
2 proceedings, or can intervene therein as a matter of right. <u>Polido</u>
3 <u>v. State Farm Mut. Auto. Ins. Co.</u>, 110 F.3d 1418, 1423 (9th Cir.
4 1997) (overruled on other grounds by <u>Dizol</u>, 133 F.3d at 1225). The
5 pendency of a state court action, however, does not itself, require
6 a district court to refuse federal declaratory relief.
7 <u>Chamberlain</u>, 931 F.2d at 1367. Instead, the federal court should
8 ascertain whether the questions in controversy between the parties
9 to the federal suit can better be settled in the proceeding pending
10 in the state court. This may entail inquiry into the scope of the
11 pending state court proceeding. <u>Id.</u>

12      To the extent that Universal's duty to defend or indemnify
13 depends on a finding of fact at issue in the underlying actions,
14 the state court is the proper forum to resolve those disputes. To
15 the extent that the issues are purely questions of law regarding
16 policy interpretation, these questions are appropriately resolved
17 by this Court. The difficulty rests, however, in determining
18 whether or not factual findings in the underlying actions are
19 necessary in order to determine the duties and rights of Universal.
20 Universal's complaint implicates two distinct duties, the duty to
21 defend and the duty to indemnify.

22      A.   <u>Universal's Duty to Defend</u>[4]

23      "A liability insurer owes a broad duty to defend its insured
24 against claims that create a potential for indemnity." <u>Horace Mann</u>

---

[4] CarsDirect contends that the state court has already determined that the policy requires Universal to defend the underlying actions. The state court's decision, however, did not reach the issue of the applicability of the exclusion clauses and, therefore, did not resolve the matters at issue here.

8

Ins. Co. v. Barbara B., 4 Cal. 4th. 1076, 1077 (1993); Gray v. Zurich Ins. Co., 65 Cal. 2d 263 (1966); Buss v. Superior Court, 16 Cal. 4th 35, 45 (1997); Montrose Chem. Corp. v. Superior Court, 6 Cal. 4th 287, 300 (1993). "The determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy." Horace Mann, 4 Cal. 4th at 1081. This, however, is not always the case. When the nature of the insured's conduct is disputed, the declaratory action typically cannot be decided without resolving disputes better left to the court presiding over the underlying actions. Nationwide Ins. v. Zavalis, 52 F.3d 689, 694 (7th Cir. 1995).

Here, Universal's contention that it does not owe a duty to defend CarsDirect in the underlying actions requires an inquiry into disputed factual issues which have been presented to the state court in the underlying actions.

First, Universal alleges that CarsDirect has caused an "intended injury," which is excluded from coverage under the terms of the policy. (Compl. at ¶ 34.3.) Some of the causes of action in the underlying complaints allege intentional conduct against CarsDirect. (Weller Complaint, Ex. "C" to Universal Compl. ¶¶ 16, 19; Chiappetta Complaint, Ex. "D" to Universal Compl. ¶¶ 18, 23, 28, 35.) To determine the application of this exclusion, the Court would have to make factual determinations as to whether or not CarsDirect engaged in intentional conduct. Adjudication of this issue, therefore, would be highly prejudicial to CarsDirect.

Universal also denies coverage based on the "criminal act" exclusion in the policies. (Compl. ¶¶ 26.1, 34.2.) The underlying

9

1 actions both involve allegations that CarsDirect violated the
2 California Penal Code. (<u>Weller</u> Complaint, Ex. "C" to Universal
3 Compl. ¶¶ 1, 16, 17, 19, 25; <u>Chiappetta</u> Complaint, Ex. "D" to
4 Universal Compl. ¶¶ 43, 44.) Universal maintains that whether the
5 criminal acts exclusion bars defense and indemnity for the
6 underlying complaints can be decided as a matter of law.

7     The "criminal act" exclusion reads: "This insurance does not
8 apply to: a. INJURY . . . if caused by any dishonest, fraudulent or
9 criminal acts committed by any INSURED." (Compl. Ex. A at pp 83;
10 Ex. B at 221.) This language is not so definitive as to suggest
11 that there is no need to evaluate the underlying facts in order to
12 determine the application of the policy. The plaintiff is directed
13 to submit a supplemental briefing on this matter, not to exceed ten
14 pages, within thirty days of this order. The defendant may file an
15 opposition within ten days of receiving the plaintiff's papers.
16 Any further reply shall be filed within seven days thereafter.

17     Both underlying actions allege conduct on the part of
18 CarsDirect dating back to a period of time prior to the
19 commencement of the policies, and therefore, Universal maintains
20 that the policy does not cover the underlying actions. (Compl. ¶¶
21 34.4, 39.4; <u>Weller</u> Complaint, Ex. "C" to Universal Compl. ¶ 16;
22 <u>Chiappetta</u> Complaint, Ex. "D" to Universal Compl. ¶ 86.)
23 CarsDirect denies these allegations. The period of time over which
24 the alleged conduct occurred, therefore, is another overlapping
25 issue of fact.

26     Universal also contends that civil penalties under the
27 California Penal Code are excluded from the definition of covered
28 "damages". Universal maintains that this issue can be decided as a

matter of law. It is not necessary, however, for the Court to reach this issue as the underlying actions seek damages beyond those potentially excluded from coverage. Issues involving the extent of covered damages are better resolved after the state court determines CarsDirect's liability.

Pending the supplemental briefing, the Court reserves ruling on the motion to stay.

B. <u>Universal's Duty to Indemnify</u>

The duty to indemnify is not as broad as the duty to defend. <u>Buss</u>, 16 Cal. 4th at 46; <u>Horace Mann</u>, 4 Cal. 4th at 1081. It is decided, however, upon the facts established at trial against the insured in the underlying actions. <u>Buss</u>, 16 Cal. 4th at 45. Therefore, it arises only subsequent to and as a result of liability being established. See <u>Montrose</u>, 10 Cal. 4th at 659, n.9. Because it is not clear from the face of the complaint that no such duty may arise, the Court finds that this matter is better adjudicated after the full resolution of CarsDirects liability in the underlying actions. Any other conclusion would entail resolution of factual issues, such as those stated above, that are presently before the state court.

## VI. **Request for Sanctions and Attorney's Fees**

CarsDirect requests an award of sanctions and attorney's fees against Universal, alleging that, by filing a complaint in state court and then dismissing and re-filing it in federal court, Universal engaged in "'harassment' and 'needless increase in the costs of litigation', sufficient to warrant an award of sanctions against [Universal]." (Mot. at 18.)

Pursuant to Federal Rule of Civil Procedure 11(b), by filing a pleading with the Court, a party makes certain representations, including that the pleading is not being presented for any improper purpose, "such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed. R. Civ. P. 11(b)(1). The central purpose of Rule 11 is to "deter baseless filings in district court." <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 393 (1990).

This case reveals no grounds for the imposition of sanctions or attorney's fees against Universal. Universal is entitled to voluntarily dismiss its action in state court and re-file it in the district court. Universal's conduct does not amount to the type of "harassment" or a "needless increase in the cost of litigation" sufficient to warrant an award of sanctions.

## VII. Conclusion

For the reasons stated above, the Court denies CarsDirect's motion to dismiss, motion to remand and request for sanctions, and reserves ruling on CarsDirect's motion to stay.

IT IS SO ORDERED.

Dated: 11-22-02

DEAN D. PREGERSON
United States District Judge